IN THE UNITED STATE DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SPENCER ONDRISEK and
SETH CALAGNA                                                                                   PLAINTIFFS

VS.                                              CASE NO. 08-CV-4113

BERNIE LAZAR HOFFMAN a/ka/
TONY ALAMO and JOHN E. KOLBECK                                                 DEFENDANTS

# ORDER

Before the Court is Plaintiffs' Rule 21 Motion to Sever their claims against Separate Defendant John E. Kolbeck. (Doc. 24). Separate Defendant Kolbeck has not responded to the motion, and the time for response has passed. The Court finds the matter ripe for consideration.

Plaintiffs filed their complaint against Defendants on November 25, 2008. Separate Defendant Bernie Lazar Hoffman, a/k/a Tony Alamo, filed an answer. Separate Defendant Kolbeck failed to file an answer in this suit. The Court granted Plaintiffs permission to serve Separate Defendant Kolbeck by publication. Kolbeck failed to file an answer after thirty days of the first publication of the Warning Order.

Plaintiffs now seek to sever their claims against Separate Defendant Kolbeck. A court may sever any claim against a party. Fed. R. Civ. P. 21. When claims or parties are severed from a lawsuit, they proceed as a discrete, independent action, and the trial court may render a final, appealable judgment on the severed claims, notwithstanding the continued existence of unresolved claims in the remaining action. *E.S. Indep. Sch. Dist. No. 196 Rosemount-Apple Valley,* 135 F.3d 566, 568 (8th Cir. 1998).

Plaintiffs' complaint alleges causes of action including battery, false imprisonment, outrage, and conspiracy against Separate Defendant Kolbeck. Plaintiffs alleges the same causes of action against Separate Defendant Hoffman. However, Separate Defendant Kolbeck has defaulted, which means he has admitted all allegations in Plaintiffs' complaint. *See Angelo Inafrate Const. LLC v. Potashnick Const., Inc.,* 370 F.3d 715, 722 (8th Cir. 2004). Because of this default, Plaintiffs' case against Separate Defendant Kolbeck will contain many procedural and substantive differences than its case against Separate Defendant Hoffman. Allowing a severance of the claims against Separate Defendant Kolbeck will serve the interests of expedition, economy, and convenience. Moreover, as Separate Defendant Hoffman has agreed to this severance, no party will be prejudiced.

For the above reasons, Plaintiffs' Rule 21 Motion to Sever all claims against Separate Defendant John E. Kolbeck is **GRANTED**. All of Plaintiffs' claims against Separate Defendant Kolbeck are severed, and the Clerk is directed to assign a new case number to the severed action.

**IT IS SO ORDERED**, this 14th day of September, 2009.

       /s/ Harry F. Barnes
       Hon. Harry F. Barnes
       United States District Judge