IN THE UNITED STATE DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SPENCER ONDRISEK and
SETH CALAGNA                                                                                    PLAINTIFFS

VS.                                          CASE NO. 08-CV-4113

BERNIE LAZAR HOFFMAN a/ka/
TONY ALAMO                                                                                       DEFENDANT

**MEMORANDUM OPINION**

Before the Court is a Motion to Dismiss Count Four–Conspiracy, which was filed by Defendant Bernie Lazar Hoffman a/k/a Tony Alamo. (Doc. 3). Plaintiffs have responded. (Doc. 7). The Court finds the matter ripe for consideration.

**I.  BACKGROUND**

On November 25, 2008, Plaintiffs filed their Complaint against Defendants Bernie Lazar Hoffman a/k/a Tony Alamo ("Alamo") and John E. Kolbeck.[1] Plaintiffs allege that the Separate Defendants: (1) committed battery against Plaintiffs; (2) falsely imprisoned Plaintiffs; (3) committed the tort of outrage; and (4) conspired together to commit battery, to falsely imprison Plaintiffs, and to engage in outrageous conduct. These allegations center around alleged beatings of minors that Alamo directed Kolbeck to carry out as punishment for the minors. The alleged beatings took place in Fouke, Arkansas, on property associated with the Tony Alamo Christian Ministries. The case is now before the Court on Defendant's motion to dismiss the conspiracy claim.

---

[1]By order dated September 14, 2009, (Doc. 28), the Court severed Plaintiff's claims against John E. Kolbeck.

## II. DISCUSSION

Alamo moves, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the conspiracy claim because it fails to state a claim upon which relief can be granted. A complaint that is attacked by a Rule 12(b)(6) motion to dismiss must allege facts, which, when taken as true, raise more than a speculative right to relief. *Benton v. Merrill Lynch & Co., Inc.*, 524 F.3d 866, 870 (8th Cir. 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007)). If the allegations on the face of the complaint show that there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate. *Id*.

Here, Alamo argues that the conspiracy claim should be dismissed because a civil conspiracy is not a separate tort under Arkansas law; instead, it is a method of proof by which a tort claim can be proved. Although a civil conspiracy is not actionable in and of itself, recovery may be had for damages caused by acts committed pursuant to the conspiracy. *Allen v. Allison*, 356 Ark. 403, 413, 155 S.W.3d 682, 689 (2004). "To prove a civil conspiracy, a plaintiff must show that two or more persons have combined to accomplish a purpose that is unlawful or oppressive or to accomplish some purpose, not in itself unlawful, oppressive or immoral, but by unlawful, oppressive, or immoral means, to the injury of another." *Id*. (quoting *Faulkner v. Ark. Children's Hosp.*, 347 Ark. 941, 69 S.W.3d 393 (2002)). Civil conspiracy is an intentional tort that requires specific intent to accomplish the contemplated wrong. *Id*.

The Eighth Circuit has recognized that, in Arkansas, civil conspiracy must be based on the underlying tortious activity. *Varner v. Peterson Farms*, 371 F.3d 1011, 1016 (8th Cir. 2004). In other words, a plaintiff may not allege a claim for civil conspiracy unless the plaintiff has first established an underlying cause of action for the conspiracy. Here, Plaintiffs allege that Alamo and Kolbeck conspired together to commit the following intentional torts: battery, false imprisonment,

and outrage. Therefore, Plaintiffs' claims are based on underlying tortious activity. Plaintiffs further allege that these unlawful acts, committed pursuant to the conspiracy, caused their injuries. Thus, Plaintiffs have sufficiently alleged a conspiracy that is based on underlying tortious activity as required by Arkansas law, which states that civil conspiracy is "an intentional tort." *See Allen*, 356 Ark. at 413, 155 S.W.3d at 689; HOWARD W. BRILL, ARKANSAS LAW OF DAMAGES, § 33:19 (5th ed. Supp. 2008-2009).

### III.  CONCLUSION

For reasons discussed herein and above, the Court finds that Alamo's Motion to Dismiss Count Four–Conspiracy should be and hereby is **DENIED**. An order of even date, consistent with this opinion, shall issue.

**IT IS SO ORDERED**, this 30th day of September, 2009.

        /s/ Harry F. Barnes
    Hon. Harry F. Barnes
    United States District Judge