IN THE UNITED STATE DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SPENCER ONDRISEK and
SETH CALAGNA                                                                                    PLAINTIFFS

VS.                                        CASE NO. 08-CV-4113

BERNIE LAZAR HOFFMAN a/ka/
TONY ALAMO                                                                                       DEFENDANT

## MEMORANDUM OPINION

Before the Court is a Motion to Dismiss or Strike References to Religion and to Dismiss Count Three on Tort of Outrage, which was filed by Defendant Bernie Lazar Hoffman a/k/a Tony Alamo. (Doc. 4). Plaintiffs have responded. (Doc. 8). The Court finds the matter ripe for consideration.

## I. BACKGROUND

On November 25, 2008, Plaintiffs filed their Complaint against Defendants Bernie Lazar Hoffman a/k/a Tony Alamo ("Alamo") and John E. Kolbeck.[1] Plaintiffs allege that the Separate Defendants: (1) committed battery against Plaintiffs; (2) falsely imprisoned Plaintiffs; (3); committed the tort of outrage and (4) conspired together to commit battery, to falsely imprison Plaintiffs, and to engage in outrageous conduct. These allegations center around alleged beatings of minors that Alamo directed Kolbeck to carry out as punishment for the minors. The alleged beatings took place in Fouke, Arkansas, on property associated with the Tony Alamo Christian Ministries. The case is now before the Court on Defendant's motion to dismiss or strike references

---

[1]By order dated September 14, 2009, (Doc. 28), the Court severed Plaintiffs' claims against John E. Kolbeck.

to religion and to dismiss the outrage claim.

## II. DISCUSSION

*A. The Free Exercise Clause*

Alamo argues that, to the extent that the Court is asked to adjudicate or determine the theology or the doctrine of the Bible or Tony Alamo Christian Ministries, it is barred by the free exercise clause of the First Amendment. Alamo states that the beatings alleged in the Complaint were merely spankings, which are required by the Bible. Thus, he argues that his alleged conduct in ordering these beatings is protected by the First Amendment's free exercise clause.

The First Amendment declares that Congress shall make no law respecting an establishment of religion or prohibiting the free exercise thereof. *Cantwell v. Connecticut*, 310 U.S. 296, 303, 60 S. Ct. 900 (1940). This amendment embraces two concepts: the freedom to believe and the freedom to act. *Id*. Under the First Amendment, one's freedom to believe is protected, while one's freedom to act remains subject to some reasonable regulation for the protection of society. *Id*. at 304. For example, the religious exercise cannot be injurious to the rights of others. *Sharp v. Sigler*, 408 F.2d 966, 970 (8th Cir. 1969). The principle of religious liberty does not give one the liberty to physically attack others; when a threat to society's or another individual's safety appears, the power of the state to prevent or punish is obvious. *Feiner v. New York*, 340 U.S. 315, 320, 71 S. Ct. 303 (1964).

The conduct alleged here appears to be religiously motivated conduct, which can be distinguished from mere religious beliefs. While an individual's beliefs that he can beat and falsely imprison Plaintiffs and intentionally inflict emotional distress upon them is protected by the First Amendment, acting on these beliefs is reasonably prohibited by Arkansas law. Thus, Plaintiffs' claims are not barred by the free exercise of the First Amendment. Accordingly, Plaintiffs' motion to dismiss the claims on this basis must be denied.

B.  *The Tort of Outrage*

Alamo moves to dismiss the outrage claim because it fails to state a claim upon which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6).  A complaint that is attacked by a Rule 12(b)(6) motion to dismiss must allege facts, which, when taken as true, raise more than a speculative right to relief. *Benton v. Merrill Lynch & Co., Inc.*, 524 F.3d 866, 870 (8th Cir. 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007)).  If the allegations on the face of the complaint show that there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate.  *Id*.

To establish the tort of outrage, a plaintiff must prove the following elements:  (1) the defendant intended to inflict emotional distress or should have recognized emotional distress as a likely result; (2) the defendant's conduct was extreme, outrageous, and utterly intolerable in a civilized community; (3) the defendant's actions caused distress to the plaintiff; and (4) the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it.  *Kiersey v. Jeffrey*, 369 Ark. 220, 222, 253 S.W.3d 438, 441 (2007).  The Arkansas Supreme Court gives a narrow view to the tort of outrage and requires clear-cut proof to establish the elements of this claim.  *Id*.  However, clear-cut proof does not mean proof greater than a preponderance of the evidence.  *Id*.

Here, Plaintiffs allege that Alamo has engaged in or conspired to engage in a pattern of conduct designed to cause injury to Plaintiffs, including withholding of food from Plaintiffs for a prolonged time period, ordering severe and sometimes public beatings of Plaintiffs, and verbally abusing Plaintiffs during these beatings.  Courts must determine whether the conduct alleged is extreme and outrageous on a case-by-case basis.  *Id*.  Here, assuming all factual allegations as true, the Court is satisfied that Plaintiffs have alleged intentional conduct by Alamo that is outrageous and

utterly intolerable in a civilized community.  Plaintiffs further allege that this conduct caused them to suffer emotional distress so severe that no reasonable person could expect to endure it.  Thus, the Court finds that Plaintiffs have sufficiently stated a clam for outrage.[2]

### III.  CONCLUSION

For reasons discussed herein and above, the Court finds that Alamo's Motion to Dismiss or Strike References to Religion and to Dismiss Count Three on Tort of Outrage should be and hereby is **DENIED**.  An order of even date, consistent with this opinion, shall issue.

**IT IS SO ORDERED**, this 30th day of September, 2009.

    /s/ Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge

---

[2] Alamo asserts in his motion to dismiss that any claims of third party outrage should be dismissed for failure to state a claim upon which relief can be granted.  However, Plaintiffs state in their response to the motion that they are not asserting a claim for third party outrage.  Thus, the Court will not address any arguments regarding third party outrage.