IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SPENCER ONDRISEK and                                                                                     PLAINTIFFS
SETH CALAGNA

vs.                                         Civil No. 4:08-cv-04113

BERNIE LAZAR HOFFMAN a/k/a                                                                            DEFENDANT
TONY ALAMO

**ORDER**

Before the Court are the claims to ownership filed by eighty (80) individuals ("Claimants") claiming ownership to the properties at issue in the Writ of Execution.[1]  ECF Nos. 102-128, 135-140. The Court held a hearing on September 6, 2013 to address these claims.  This matter is now ripe for consideration.

1. **Background**:

On June 2, 2011, the jury entered a verdict on behalf of Plaintiffs Spencer Ondrisek and Seth Calagna and against Bernie Lazar Hoffman also known as Tony Alamo ("Alamo") for $66,000,000. ECF No. 61.  The Court adopted the jury verdict and entered a Final Judgment for Plaintiffs in the amount of $66,000,000.  ECF No. 62.  Thereafter, Defendant appealed this Final Judgment to United

---

[1] The Claimants are listed on the Court's docket in this case.  Those individuals are as follows: Rodney Anderson, Marc Archambault, Merry Anne Barnett, Thomas Barnett, Mark Benfield, Paul Bolpa, Ian Bremner, Charlena Brooks, Charles Brooks, Suzette Brown, Douglas Brubach, Gail Brubach, Anthony Calagna, Barbara Calagna, David Chalais, George Clark, Christhiaon Coie, Steve Crook, Jon Curry, Gerard Demoulin, Sally Demoulin, Butch Douglas, Scott Durning, Ben Edwards, Kimberly Edwards, Zechariah Edwards, Chris Espinosa, Frank Fazzalero, Christopher Foley, Rudy Garcia, Jack Garner, Shelley Garner, Gary Hallet, Rocky Hathaway, Damian Head, John Hopkins, Albert Hustus, Al Johnson, Lachland Johnson, Patrizia Johnson, Shaun Johnson, Jordan Jones, Josiah Kolbek, Bruce Kost, Victoria Larison, Mike Lowe, David McAdams, James McCartney, Jerry McInnis, Maria Mendoza, Barbara Merrell, Anna Moan, Marty Moan, Angela Morales, Bob Morrissey, Edward O'Brien, Alys Ondrisek, Debra Ondrisek, David Palmisano, Moses Pech, Jay Porter, Tamela Reid, Dave Romero, William Saunders, Thomas Scarcello, David Scheff, Mary Jane Scheff, Greg Seago, Jennifer Seago, Robert Streit, Suzanne Streit, Dennis Szymski, Barry Tanner, Don Thorne, Robert Walker, William Wattles, Sabine Wedel, Steven Wedel, Anita Willis, and Donn Wolf.

States Court of Appeals for the Eighth Circuit. ECF No. 73. The Eighth Circuit reduced this award to a total of $15,000,000 for each Plaintiff. ECF No. 81. The Court then entered an Amended Final Judgment totaling $30,000,000 plus interest, which was consistent with the Eighth Circuit's mandate. ECF No. 82.

On February 4, 2013, Plaintiffs filed a Motion for Writ of Execution, seeking to satisfy this judgment and execute on six different properties they claimed were being held for Alamo. ECF No. 86. None of these properties were titled in Alamo's name. *Id.* On April 2, 2013, the Court held a hearing to address this requested Writ of Execution. ECF No. 97. Thereafter, on April 15, 2013, based upon the evidence submitted, the Court found, "the interest in the equity Steve Johnson is holding [in the subject properties] for 'either Tony Alamo and/or Tony Alamo Christian Ministries' is actually being held for Defendant, Bernie Hoffman" and were subject to execution in order to satisfy this judgment. *See* Ark. Code Ann. § 16-66-201(6). ECF No. 98. Based upon this finding, the Court granted the Writ of Execution and ordered the U.S. Marshal to seize six different properties described in the Writ of Execution and prepare them for sale. ECF Nos. 98, 101.

These six different properties are as follows: (1) 4301 Windsor Drive, Fort Smith, Sebastian County, Arkansas (gym building); (2) 4401 Windsor Drive, Fort Smith, Sebastian County, Arkansas (church building); (3) 800 S. 4th Street, Fort Smith, Sebastian County, Arkansas (warehouse); (4) 601 N. 17th Street, Fort Smith, Sebastian County, Arkansas (restaurant parking lot); (5) 602 N. 16th Street, Fort Smith, Sebastian County, Arkansas (restaurant); and (6) 120 N. 16th Street, Fort Smith, Sebastian County, Arkansas (house). ECF No. 101.

Consistent with Arkansas Law, the Court then directed "[a]ny person or entity asserting an ownership interest in the properties" to file a claim with the U.S. Clerk in writing by May 6, 2013.

ECF No. 101. The Court also set an evidentiary hearing to address these claims and to determine whether any of the individuals who filed claims has standing to assert an ownership interest in any of these six properties. ECF No. 170. On September 6, 2013, the Court held this evidentiary hearing. ECF No. 172. The Claimants were directed to "be present in person at this hearing." ECF No. 170.

Of the eighty claimants, sixty-nine were present, and, with the consent of the Court, counsel for Christhiaon Coie was present on her behalf.[2] One additional person–Sandford White–did not timely file a claim but was present and testified at this hearing. In addition to Sandford White, five of the Claimants testified during this hearing: Angela Morales, Thomas Scarcello, David Scheff, Ben Edwards, and Donn Wolf. Apart from Donn Wolf, all of the Claimants were represented by counsel at this hearing. Counsel for Plaintiffs were also present at the hearing and were given the opportunity to cross-examine these witnesses.

During the hearing on September 6, 2013, Plaintiffs introduced five different exhibits: (1) quit claim deed from Thomas Scarcello to Angela Morales dated May 30, 2007; (2) Sebastian County Tax Assessor's Property Records for 4401 Windsor Drive; (3) Certificate of Levy and Execution filed in Sebastian County, Arkansas for the properties in dispute; (4) copies of the hearing notices sent to the titleholders; and (5) copies of the writ of execution order sent to the titleholders. This evidence, including the testimony, introduced as a part of this hearing on September 6, 2013 will be considered for the purposes of determining whether any of the Claimants satisfy the standing requirements of Article III.

---

[2] The following individuals were absent: Ian Bremner, Kim Edwards, Frank Fazzalero, Rudy Garcia, Damian Head, Victoria Larison, David McAdams, James McCartney, Don Thorne, and Sabine Wedel.

**2.	Applicable Law:**

To challenge a forfeiture action, an individual must have constitutional standing under Article III. *See U.S. v. White,* 675 F.3d 1073, 1078 (2012). In the current action, the seizure and sale of these properties was initiated by a private party to enforce a civil judgment and is not a forfeiture action. *See U.S. v. Twelve Thousand, Three Hundred Ninety Dollars ($12,390.00),* 956 F.2d 801, 809 (8th Cir. 1992) (holding Federal forfeiture actions are "initiated by the government" and are not civil cases between private parties). Further, this seizure and sale is being conducted pursuant to Arkansas Law. *See* Ark. Code Ann. § 16-66-201 (2003) (listing the properties subject to execution). *See also* FED. R. CIV. P. 69(a)(1) (stating "[t]he procedure on execution–and in proceedings supplementary to and in aid of judgments or execution–must accord with the procedure of the state where the court is located . . .").

However, although this is a private action to enforce a civil judgment through a writ of execution, constitutional standing under Article III is still required, and these federal forfeiture actions are instructive in determining whether the Claimants in the present action have standing to contest this sale. *See Miller v. Redwood Toxicology Lab., Inc.,* 688 F.3d 928, 934 (8th Cir. 2012) (recognizing Article III standing as presenting a question of justiciability and "if it is lacking, a federal court has no subjective matter jurisdiction over the claim").

Specifically, "[t]o establish constitutional standing, 'a party seeking to challenge a forfeiture of property must first demonstrate an ownership or possessory interest in the seized property. . . .'" *See White,* 675 F.3d at 1078 (citation omitted). An ownership interest sufficient to satisfy the standing requirements of Article III "can be shown by actual possession, control, title, and financial stake." *Id.* (citation and quotations omitted). This standard has been repeatedly cited and applied in

4

Eighth Circuit cases to determine whether an individual has constitutional standing under Article III to contest a forfeiture action. *See, e.g., U.S. v. Timley,* 507 F.3d 1125, 1129 (8th Cir. 2007).

These forfeiture cases also provide guidance in determining the process for assessing the validity of the claims in this case. *See U.S. v. One Lincoln Navigator 1998,* 328 F.3d 1011, 1013-14 (8th Cir. 2003). In *United States v. One Lincoln Navigator 1998,* the Eighth Circuit held the threshold issue in such forfeiture actions was to first determine whether an individual has Article III standing to contest the forfeiture. *Id.* In that case, one of the claimants had paid for the vehicle in dispute, and the other claimant was the registered owner of the vehicle. *Id.* Those individuals were found to have constitutional standing under Article III. *Id.* The Eighth Circuit then held that because constitutional standing had been established, the district court was required to examine the merits of the individuals' claim to determine whether those individuals qualified as actual owners under state law. *Id.* Such an action was likened to a "quiet title action to determine the respective ownership interests." *Id.* at 1015.

Consistent with *United States v. One Lincoln Navigator 1998*, the Court held an initial hearing on September 6, 2013 to first determine whether any of the individual Claimants meet the standing requirements under Article III. This hearing was an evidentiary hearing. *See U.S. v. 1998 BMW "I" Convertible, Vin #WBABJ8324WEM20855,* 235 F.3d 397, 400 (8th Cir. 2000) (favoring an evidentiary hearing with live testimony and witnesses to resolve factual disputes regarding standing). Also consistent with *United States v. One Lincoln Navigator 1998*, and as further outlined in this Order, for those individuals who have demonstrated Article III standing, the Court will hold a bench trial which is set for October 9, 2013 to address the merits of their claims. The Court now turns to the issue of whether any of the Claimants in the present action satisfy the requirements of

Article III standing.

3.  **Discussion:**

    A.  **Standing of the Individuals**

As outlined above, Article III standing "can be shown by actual possession, control, title, and financial stake." *See White,* 675 F.3d at 1078 (citation and quotations omitted). In the present action, of the eighty Claimants, only six have demonstrated they meet the standing requirements of Article III. These six individuals are the following: (1) Angela Morales, (2) Sandford White, (3) Thomas Scarcello, (4) Ben Edwards, (5) Donn Wolf, and (6) Christhiaon Coie. The Court will address each of people individually.

First, Angela Morales testified at the hearing on September 6, 2013 that she believes she is on the deed to the property located at 4401 Windsor Drive. The most recent copy of Sebastian County Tax Assessor's Property Records submitted to the Court lists her as one of the owners. Plaintiffs' Exhibit 2; ECF No. 86-4 (current as of October 12, 2012). She also has a Quit Claim Deed dated May 30, 2007 that lists her as the Grantee of 4401 Windsor Drive. Plaintiffs' Exhibit 1. Based upon this information, the Court finds she has provided sufficient evidence to demonstrate she has standing to assert an ownership interest in the property located at 4401 Windsor Drive.

Second, Sandford White testified at the hearing on September 6, 2013 that he believes he is on the deed to the property located at 4401 Windsor Drive. The most recent copy of Sebastian County Tax Assessor's Property Records submitted to the Court lists him as one of the owners. Plaintiffs' Exhibit 2; ECF No. 86-4 (current as of October 12, 2012). Based upon this information, the Court finds he has provided sufficient evidence to demonstrate he has standing to assert an ownership interest in  the property at 4401 Windsor Drive.

Third, Thomas Scarcello testified at the hearing on September 6, 2013 that he was a signatory

to the note which provided the purchase money for the property at 800 S. 4th Street, Fort Smith, Sebastian County, Arkansas. Based upon this information, the Court finds he has provided sufficient evidence to demonstrate he has standing to assert an ownership interest in the property at 800 S. 4th Street.

Fourth, Ben Edwards testified at the hearing on September 6, 2013 that he is on the deed to the property located at 4301 Windsor Drive. The most recent copy of Sebastian County Tax Assessor's Property Records submitted to the Court lists him as one of the owners. ECF No. 86-1 (current as of November 14, 2012). Based upon this information, the Court finds he has provided sufficient evidence to demonstrate he has standing to assert an ownership interest in the property at 4301 Windsor Drive.

Fifth, Donn Wolf testified at the hearing on September 6, 2013 that he provided the down payment for the bank loan to purchase the property at 4401 Windsor Drive. Based upon this information, the Court finds he has provided sufficient evidence to demonstrate he has standing to assert an ownership interest in the property at 4401 Windsor Drive.

Sixth, Christhiaon Coie timely filed notice of a claim. ECF No. 135. This claim is based upon a damage award entered against Alamo in the sum of $100,000 for the Tort of Outrage. *Id.* This award was entered on September 14, 1995. *Id.* On September 28, 2005, this judgment was revived for an additional ten years. ECF No. 135-2. At this time, it appears the Parties do not dispute the validity of the original judgment in the amount of $100,000. Based upon this information, the Court finds she has provided sufficient evidence to demonstrate she may have a claim to at least a portion of the proceeds from the sale of these properties.

The other individual Claimants have not demonstrated actual possession, control, title, or financial stake sufficient to satisfy the requirements of Article III standing. For Example, David

Scheff testified at the hearing in this matter as a representative of other Claimants with similar claims. He alleged he has standing to assert an ownership interest in these properties because he is a member of the Tony Alamo Christian Ministry ("TACM"[3] ), financially supported the TACM or the "Ministry," and the TACM or "Ministry" paid the expenses (including the loan payment, property taxes, etc.) for the properties in dispute. At the hearing in this matter, the other Claimants did not dispute that Mr. Scheff's testimony regarding this general claim to ownership was typical of their claims. In fact, at the end of the hearing on September 6, 2013, the Court offered the other Claimants the opportunity to disagree with this testimony or to provide additional testimony regarding their own claims, and they each declined to do so.

However, a generalized claim, such as Mr. Scheff's, which does not demonstrate any type of "ownership interest" is not sufficient to confer standing. *See U.S. v. One 1990 Chevrolet Corvette, VIN # 1G1YY3384L5104361,* 37 F.3d 421, 422 (8th Cir. 1994) (finding a "nominal owner who lacks possession of the defendant property and did not exercise dominion and control over it does not have an interest sufficient to have standing to challenge forfeiture"). Further, consistent with this reasoning, apart from the specific findings of standing listed above, the Court also finds Angela Morales, Sandford White, Thomas Scarcello, Ben Edwards, and Donn Wolf do not have standing to assert an ownership interest in any of the six properties at issue in the Writ of Execution.

> **B.** **Standing of the Purported Ministry**

On May 29, 2013, the Claimants filed a Supplement to Claims of Ownership: Hearing

---

[3] Entirely for ease of reference, the Court will refer to this group of people as the "TACM." There is no significance attached to this term, and it is only used because individually listing the Claimants is repetitive and needless.

Memorandum.[4]  ECF No. 152.  In that Memorandum, the Claimants argue that the TACM or the "Ministry" qualifies as a "nonprofit" under the Arkansas Revised Uniform Unincorporated Nonprofit Association Act ("ARUUNAA"), Ark. Code Ann. §§ 4-28-602 (2012) to 4-28-636.  As such, the Claimants argue these six different properties can be held by or for the benefit of and transferred to the TACM or the "Ministry."  *See* Ark. Code Ann. § 4-28-631 (2012).  By raising this issue, the Claimants are essentially arguing that the TACM or the "Ministry" itself as an entity has standing to assert an ownership interest in these properties.

However, to qualify under the ARUUNAA, a group must still must qualify as an "unincorporated nonprofit association."  *See* Ark. Code Ann. § 4-28-602(8) (2012).  Such an association must operate under an "agreement" and must be organized for "one or more common, nonprofit purposes."  *Id.*  First, there has been no demonstration that there has been an "agreement."  According to the Uniform Law Comment to this Act, for there to be an agreement, "there must be some tangible, objective data such as the use of the organization's name in communications to its members or third parties, or the existence of a bank account or of a mailing (or internet) address in the name of the UNA or similar 'conduct' indicating that, in fact, there is an actual agreement."  Based upon the evidence submitted to this Court, there has no demonstration of such an actual agreement.

Second, this group must be organized for "one or more common, nonprofit purposes."  Again, despite their bare claim that they are a nonprofit association, the TACM or the "Ministry" has provided no demonstration of its "nonprofit purposes."  Indeed, at the hearing in this matter, the Claimants testified they were involved in several for profit businesses associated with the TACM

---

[4] As stated previously, all of the Claimants except Donn Wolf were represented by counsel at the September 6, 2013 hearing.  On May 29, 2013, at the time the briefing was filed, not all of the Claimants were represented by counsel.  However, for ease of reference, the Court will still refer to these individuals collectively as "Claimants."

or the "Ministry." Clearly, such businesses are not organized for "nonprofit purposes." Thus, the Court finds Claimants have not met their burden under the ARUUNAA to demonstrate they are a "unincorporated nonprofit association" that has standing to assert an ownership interest.

**4.    Conclusion:**

Consistent with the foregoing, the Court finds that Angela Morales, Sandford White, Thomas Scarcello, Ben Edwards, Donn Wolf, and Christhiaon Coie each have standing to assert an ownership interest in some of the properties at issue, as outlined in this Order. All of the other Claimants who filed claims to the six properties in dispute do not have standing. To determine the merits of the claims of Angela Morales, Sandford White, Thomas Scarcello, Ben Edwards, Donn Wolf, and Christhiaon Coie, the Court will hold a bench trial on October 9, 2013 at 10:00 AM in Texarkana, Arkansas – 3rd Floor Courtroom. These six Claimants should be present at this hearing and be prepared to establish their ownership interest in the subject properties under Arkansas Law.

Pretrial disclosure sheets are due by **October 1, 2013.** Plaintiffs and the selected Claimants listed above should provide briefing regarding the applicable legal standard in determining whether the selected Claimants are true owners and not merely nominal owners. This briefing is due by **October 1, 2013** and should not exceed 20 pages**.** As stated at the hearing in this matter on September 6, 2013, Plaintiffs have been directed to provide certified copies of the deeds to the properties in dispute and the property records from the Sebastian County Tax Assessor's Office. Those documents are due by **September 20, 2013**. Based upon these property records, the Court may direct Plaintiffs to provide notice of the bench trial to any other interested parties.

ENTERED this 13th day of September 2013.

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE