IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SPENCER ONDRISEK and                                                                    PLAINTIFFS
SETH CALAGNA

vs.                                          Civil No. 4:08-cv-04113

BERNIE LAZAR HOFFMAN a/k/a                                                               DEFENDANT
TONY ALAMO

**ORDER**

Before the Court are Plaintiffs' Motion to Enforce Order to Sell Properties and Plaintiffs' Supplemental Motion.  ECF Nos. 315-316.  With these Motions, Plaintiffs seek to invalidate recently-filed mechanics' liens against two of the properties subject to the Writ of Execution (ECF No. 101).  These two properties are 4301 Windsor Drive, Fort Smith, Sebastian County, Arkansas and 4401 Windsor Drive, Fort Smith, Sebastian County, Arkansas.  ECF No. 315.

The Court heard testimony related to these mechanics' liens during a hearing in Texarkana, Arkansas on February 5, 2014.  ECF No. 321.  All of the individuals who filed these liens were present at this hearing and testified during this hearing.  *Id*.  Considering this testimony and upon review of these liens, the Court now enters the following Order.

1.      **Background**:

The liens in question were filed by five individuals: Al Johnson, Jay Porter, Jon Curry, Greg Seago, and Zecheriah Edwards.  ECF No. 316-1.  These liens were filed in December of 2013 for alleged work performed at the properties at 4301 Windsor Drive, Fort Smith, Sebastian County, Arkansas and 4401 Windsor Drive, Fort Smith, Sebastian County, Arkansas.  *Id.*

For instance, one lien was filed in the amount of $115,616.00 for "security, daily property and building maintenance . . . general building repairs."  ECF No. 316-1 at 2.  In addition to these

liens, the alleged lienholders also filed purported invoices, a "Notice of Intent to Lien," and other supporting documentation. *Id.* at 5-8.

2. **Applicable Law:**

The statutes for mechanics' and materialmen's liens are included in Arkansas Code Annotated § 18-44-101 through § 18-44-135. Under these provisions, a "contractor, subcontractor, or material supplier" who "by virtue of a contract with the owner, proprietor, contractor, or subcontractor, or agent thereof" could be entitled to a lien on the land "upon which the improvement is situated." ARK. CODE ANN. § 18-44-101(a).

3. **Discussion:**

Upon review, consistent with the following, the Court finds these purported mechanics' liens are invalid. Under Arkansas Code Annotated § 18-44-101(a), these liens arise "by virtue of a contract." The purported lienholders are Al Johnson, Jay Porter, Jon Curry, Greg Seago, and Zecheriah Edwards. ECF No. 316-1. Each of these individuals testified at a hearing the Court held on February 5, 2014. ECF No. 321. During this hearing, none of these five individuals testified they entered into a contract to be compensated for the services they provided. Without evidence of a contract, these individuals have no enforceable mechanics' liens.

Specifically, Al Johnson testified he has no formal agreement, and he worked "for the Lord." ECF No. 321 at 21-22. He testified he has contributed his time and labor, and in return, he was "entitled to benefits in the ministry." *Id.* He also testified he does not have any type of business where he submits "invoices to people," and he has not operated any such business in "probably six years." *Id.* Jay Porter testified he contributed his time and labor and, in return, he expected "ownership of whatever properties exists [exist] at the time in the ministry." *Id.* at 104-108. Mr.

2

Porter did not testify or even indicate he was operating under a contract when contributing this time and labor. *Id.*

Jon Curry testified he had entered into no contract for his services. ECF No. 321 at 134 ("Q: Okay. And you didn't have any contract with anyone who is connected with the church, separate and apart from your original understanding and that is, I'm going to do what I can to help, and the church is going to help me back. A: That's correct."). Greg Seago testified he had entered into an oral contract, but it was not for "a specific amount." *Id.* at 119. Assuming Mr. Seago is credible and he had entered into an oral contract, if it was not for "a specific amount," that contract is not enforceable. *See Phipps v. Storey,* 269 Ark. 886, 890*,* 601 S.W.2d 249, 252, (Ark. Ct. App. 1980) (holding "[i]n order to be enforceable a contract must be definite and certain in all of its terms and conditions in order that the court may know what the parties have agreed upon"). Thus, the Court finds Mr. Seago entered into no enforceable contract.

Finally, Zechariah Edwards testified initially that he did enter into an enforceable agreement to be compensated for his services. ECF No. 321 at 177-178. Mr. Edwards then changed his testimony and stated he had an "understanding" that if he provided work, he would have his needs met. *Id.* Again, consistent with *Phipps,* even if there was such an "understanding," such an indefinite agreement would be unenforceable. Mr. Edwards, however, then further backtracked on his testimony and indicated his intent in filing these mechanics' liens was not to collect money owed to him under a contract but was instead to block the sale ordered by the Court. *Id.* at 184. Indeed, Mr. Edwards testified, "The mechanics' lien was filed because you people are taking our property away." *Id.*

Based upon this testimony, the Court finds  Al Johnson, Jay Porter, Jon Curry, Greg Seago,

3

and Zecheriah Edwards have provided no evidence of an enforceable contract to justify the imposition of their purported mechanics' liens. Thus, the Court finds these liens are invalid.

**4.     Conclusion:**

Consistent with this foregoing, the Court finds these mechanics' liens are invalid and directs the U.S. Marshal's Office to immediately advertise and sell the properties at 4301 Windsor Drive, Fort Smith, Sebastian County, Arkansas and 4401 Windsor Drive, Fort Smith, Sebastian County, Arkansas in accordance with Ark. Code Ann. §§ 16-66-401 to 16-66-507.

**ENTERED this 6th day of March 2014.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE