IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SPENCER ONDRISEK and                                                                    PLAINTIFFS
SETH CALAGNA

vs.                                          Civil No. 4:08-cv-04113

BERNIE LAZAR HOFFMAN a/k/a                                                              DEFENDANT
TONY ALAMO

**MEMORANDUM OPINION**

Before the Court are the ownership claims to two of the properties subject to the Court's Second Writ of Execution. ECF No. 210, 214. On April 30, 2014, the Court held a bench trial to address the merits of these ownership claims. This matter is now ripe for consideration.

**I.    Background:**

This case has a somewhat long and complicated history. On July 2, 2011, a jury verdict was entered against Defendant for $33,000.00 for each Plaintiff or a total of $66,000.00 for both Plaintiffs. ECF No. 61. The Court adopted that jury verdict. ECF No. 62. Thereafter, the Eighth Circuit Court of Appeals reduced that amount to $15,000.00 for each Plaintiff or a total of $30,000.00 for both Plaintiffs. ECF No. 81. The Court then entered an Amended Final Judgment adopting that mandate and reducing Plaintiffs' total award to $30,000.00. ECF No. 82.

Thereafter, Plaintiffs began working to satisfy that judgment against Defendant. On February 4, 2013, Plaintiffs filed a Motion for Writ of Execution seeking to satisfy their judgment by selling six different properties[1] they claim were owned by Defendant. ECF No. 86. The Court granted that Motion, and on April 18, 2013, the Court entered a Writ of Execution as to those six properties.

---

[1] Those six different properties are separate from the properties currently before the Court.

1

ECF No. 101.  The Court held several hearings and a bench trial to determine the ownership of those six properties.  ECF No. 159, 172, 186.  On October 31, 2013, after those hearings and that bench trial, the Court found Defendant was the true owner of those six properties and ordered those properties be sold to satisfy Plaintiffs' judgment against Defendant.  ECF Nos. 197-198, 200-201.  In the memorandum opinion and final order related to those six properties, the Court made detailed findings of fact and conclusions of law regarding Defendant and the Tony Alamo Christian Ministries.  *Id.*  The Court will not restate those findings at this time, but, to the extent they are relevant, the Court incorporates those findings and conclusions as a part of this memorandum opinion.

In the interim, on May 14, 2013, Plaintiffs filed a Motion for a Second Writ of Execution.  ECF No. 142.  This Second Writ of Execution is currently before the Court.  On October 30, 2013, the Court granted that Motion and entered a Second Writ of Execution.  ECF No. 196.  The Second Writ of Execution relates to the following twelve properties[2]: (1) 5201 Spradling Avenue, Fort Smith, Arkansas; (2) 3100 East 50th Street, Fort Smith, Arkansas; (3) 1405 Meadow Lane, Fort Smith, Arkansas; (4) Lots with metal structure and playground adjacent to Jeanne Estate Apartments, Fort Smith, Arkansas; (5) 503 Division Street, Fort Smith, Arkansas; (6) 1005 Highway 71, Fouke, Arkansas; (7) 100 Pine Drive, Fouke, Arkansas; (8) 200 Pine Drive, Fouke, Arkansas; (9) 709 U.S. Highway 71, Fouke, Arkansas; (10) 210 Redcut Road, Fouke, Arkansas; (11) 103 Circle Drive, Fouke, Arkansas; and (12) 944 Locust, Texarkana, Arkansas.  *Id.*

As a part of the Second Writ of Execution, the Court directed that "[a]ny and all claims of

---

[2] These properties are more fully described in Exhibit A to the Second Writ of Execution.  ECF No. 196-1.

ownership in the properties" at issue in the Second Writ of Execution be sent to the District Clerk for the Western District of Arkansas by December 6, 2013.  ECF No. 196.

A number of individuals filed ownership claims to these twelve properties.  Relevant to this Order, on December 2, 2013, Mr. Douglas Brubach timely filed an ownership claim to these properties.  ECF No. 206.  Two days later, on December 4, 2014, Mr. William Wattles also timely filed an ownership claim to these properties.  ECF No. 219.  The Court then directed those who filed ownership claims to complete a questionnaire regarding their ownership interests.  ECF No. 283.  This questionnaire was due by January 21, 2014.  *Id.*  Again, Mr. Brubach and Mr. Wattles timely complied with the Court's directive and submitted responses to this questionnaire by January 21, 2014.  ECF No. 298, 311.

On February 5, 2014, the Court held a hearing to address these ownership claims and specifically to consider whether any of the individuals claiming an ownership interest in these properties had Article III standing.  ECF Nos. 317, 321.  Notably, during this hearing, both Mr. Brubach and Mr. Wattles testified.  ECF No. 321.  At this hearing, Mr. Brubach testified he was on the title to the property at 210 Redcut Road, Fouke, Arkansas.  *Id.* at 111-112.  He testified being on the title may give him "legal means to execute . . . ownership," but he did not believe he owned the property any more than anyone else in the Tony Alamo Christian Ministries.  *Id.* ("A: I don't claim to own more than anyone else").  Likewise, Mr. Wattles testified his name was listed as grantee on a quitclaim deed to the property at 944 Locust, but that property was truly jointly owned by the members in the Tony Alamo Christian Ministries.  ECF No. 321 at 191-192.

After this hearing, on March 12, 2014, the Court entered an order addressing Article III standing.  ECF No. 323.  In that order, the Court found of the individuals who had asserted

3

ownership interests, only two individuals had Article III standing to assert an ownership interests in any of properties at issue in the Second Writ of Execution. *Id.* These two individuals were Mr. Brubach and Mr. Wattles. *Id.* Further, even then, the Court found Mr. Brubach only had standing to assert an ownership interest in 210 Redcut Road, Fouke, Arkansas, and Mr. Wattles only had standing to assert an ownership interest in 944 Locust, Texarkana, Arkansas. *Id.* In that order, because no individuals had standing to assert an ownership interest in any of the other ten properties, the Court directed the remaining ten properties be sold to satisfy Plaintiffs' judgment. *Id.*

**II.     Findings of Fact:**

The Court enters the following findings of fact:

1. In the March 12, 2014 order, the Court set a bench trial to address the property interests of Mr. Brubach in 210 Redcut Road and Mr. Wattles in 944 Locust. ECF No. 323.

2. This bench trial was set for "**April 30, 2014 at 9:00 AM in Texarkana, Arkansas**." ECF No. 323 at 8 (emphasis in the original).

3. The Court also stated in this order that "**Failure to appear may result in claimed property interest being extinguished**." ECF No. 323 at 8 (emphasis in the original).

4. One day before this bench trial, on April 29, 2014, Mr. Brubach elected not to appear and filed the following with the Court: "Inasmuch as no effort on the part of any of the people who worked for paid for maintained, lived in all the various properties that have been discussed has resulted in anything more than leaving us homeless with our life's work in shambles. I do not intend to be on hand for more of the same on the Apr 30 2014 hearing. It appears to me our entire congregation has been tried and convicted with Pastor Alamo because we don't believe he is guilty of all of the abominable acts he has been accused of."

ECF No. 334.

5. Mr. Brubach did not attend the bench trial on April 30, 2014.

6. Likewise, Mr. Wattles did not attend the bench trial on April 30, 2014. Mr. Wattles did not contact the Court prior to this bench trial, and he has given no reason for his failure to comply.

7. As noted above, both individuals were aware of these proceedings and have previously complied with the orders of the Court. There has been no indication they were prevented from attending this bench trial.

8. Further, because Mr. Brubach and Mr. Wattles did not attend the bench trial, the Court is only able to consider their testimony at the hearing in this matter on February 5, 2014 (ECF No. 5) and their responses to the questionnaires they completed and provided to the Court regarding their ownership interests. ECF Nos. 298, 311.

9. Notably, in responding to the Court's questionnaire, Mr. Brubach declared under the penalty of perjury that he only had a generalized claim to ownership in 210 Redcut Road. Indeed, he stated his claim was based upon his being "an active participant in the Tony Alamo Christian Ministries." ECF No. 298 at 2.

10. Mr. Brubach also declared that as to 210 Redcut Road, he had never personally paid the property taxes, never collected rental income, never personally paid the monthly utilities, never personally paid the insurance, never took a mortgage on the property, and never resided on the property. ECF No. 298 at 15-16.

11. Likewise, Mr. Wattles testified at the hearing in this matter on February 4, 2014 that he only

5

        had a generalized claim to ownership in 944 Locust. ECF No. 321 at 191-192.

12. Mr. Wattles also declared under the penalty of perjury that as to 944 Locust, he had never personally paid the yearly property taxes, never collected rental income, never personally paid the monthly utilities, never personally paid the insurance, never took a mortgage on the property, and never resided on the property. ECF No. 298 at 17.

### III. Conclusions of Law:

The Court enters the following conclusions of law:

1. The Court has the power to dismiss any action for a failure to "prosecute or to comply" with a court rule or a court order. FED. R. CIV. P. 41(b). This dismissal operates as an adjudication on the merits. *Id.*

2. In accordance with Rule 41(b), the Court could entirely dismiss Mr. Burbach's ownership claim to the property at 210 Redcut Road Fouke, Arkansas and Mr. Wattles's ownership claim to the property at 944 Locust, Fouke, Arkansas because these individuals did not comply with an order of the Court and did not attend the bench trial in this matter.

3. However, even considering the evidence they have provided in the case, the Court concludes Mr. Brubach and Mr. Wattles have only demonstrated they hold bare legal title in 210 Redcut Road and 944 Locust (respectively).

4. In this case, the Court has previously outlined in great detail the history of Defendant and the Tony Alamo Christian Ministries and the level of control Defendant exercises and has exercised over the Tony Alamo Christian Ministries and its members. ECF No. 200.

5. Indeed, Mr. Brubach still refers to "Pastor Alamo" in his statement to the Court, again recognizing Defendant's leadership in the Tony Alamo Christian Ministries. ECF No. 334.

6. Based upon that evidence (which is outlined in the Court's previous memorandum opinion) and the evidence submitted for purposes of these ownership claims, the Court likewise finds by clear and convincing evidence that Mr. Brubach and Mr. Wattles only hold bare legal title for the benefit of Defendant. *Brown v. Brown,* 373 Ark. 333, 345, 284 S.W. 3d 17 (2008).

7. Accordingly, Defendant is the true owner of these properties, and these properties are subject to being sold to satisfy the judgment in this matter.

### IV. Conclusion:

Consistent with the foregoing, the Court directs the U.S. Marshal's Office to immediately advertise and sell 210 Redcut Road, Fouke, Arkansas and 944 Locust, Texarkana, Arkansas in accordance with Ark. Code Ann. §§ 16-66-401 to 16-66-507. For these two different properties, the proceeds of the sale should be distributed first to the purchase money lienholder (if any) and then to Plaintiffs. *See* ARK. CODE ANN. § 16-66-203(b)(2).

**ENTERED this 30th day of April 2014.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE