IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SPENCER ONDRISEK and                                                                    PLAINTIFFS
SETH CALAGNA

vs.                                         Civil No. 4:08-cv-04113

BERNIE LAZAR HOFFMAN a/k/a                                                              DEFENDANT
TONY ALAMO

### ORDER

Before the Court is Plaintiffs' Fifth Motion to Invalidate Mechanics Liens.  ECF No. 352. With this Motion, Plaintiffs seek to invalidate four recently-filed mechanics' liens against one of the properties subject to the Second Writ of Execution: 3100 N. 50th Street, Fort Smith, Arkansas.  *Id.* The liens in question were filed by four individuals: David Romero, Jon Curry, Zechariah Edwards, and Greg Seago.  *Id.*

The Court heard testimony related to the property interests of these individuals during a hearing in Texarkana, Arkansas on February 5, 2014.  ECF No. 321.  All of the individuals who filed these liens were present at this hearing and testified during this hearing.  *Id.*  Considering this testimony, the Court now enters the following Order.

The statutes for mechanics' and materialmen's liens are included in Arkansas Code Annotated § 18-44-101 through § 18-44-135.  Under these provisions, a "contractor, subcontractor, or material supplier" who "by virtue of a contract with the owner, proprietor, contractor, or subcontractor, or agent thereof" could be entitled to a lien on the land "upon which the improvement is situated."  ARK. CODE ANN. § 18-44-101(a).

Upon review, consistent with the following, the Court finds these purported mechanics' liens are invalid.  Under Arkansas Code Annotated § 18-44-101(a), these liens arise "by virtue of a contract."  The purported lienholders are the following: (1) David Romero; (2) Jon Curry, (3)

Zechariah Edwards, and (4) Greg Seago.  ECF No. 352.  Each one of these individuals testified at a hearing the Court held on February 5, 2014.  *Id.*  During this hearing, none of these individuals testified they entered into a contract to be compensated for the services they provided on this property.

First, David Romero testified he provided his work "to the benefit of the ministry" and testified he has "never sent any bills per se to the brothers and sisters" because, instead of billing the ministry members, he had his own needs met through the "ministry."  ECF No. 321 at 87-94.  Mr. Romero did not testify or even indicate he was operating under a contract when contributing this time and labor.  *Id.*

Second, Jon Curry testified he had entered into no contract for his services.  ECF No. 321 at 134 ("Q: Okay.  And you didn't have any contract with anyone who is connected with the church, separate and apart from your original understanding and that is, I'm going to do what I can to help, and the church is going to help me back.  A: That's correct.").

Third, Zechariah Edwards testified initially that he did enter into an enforceable agreement to be compensated for his services.  ECF No. 321 at 177-178.  Mr. Edwards then changed his testimony and stated he had an "understanding" that if he provided work, he would have his needs met.  *Id.*  Mr. Edwards then further backtracked on his testimony and indicated his intent in filing these mechanics' liens was not to collect money owed to him under a contract but was instead to block the sale ordered by the Court.  *Id.* at 184.  Indeed, Mr. Edwards testified, "The mechanics' lien was filed because you people are taking our property away."  *Id.*

Fourth and finally, Greg Seago testified he had entered into an oral contract, but it was not for "a specific amount."  *Id.* at 119.  Assuming Mr. Seago is credible and he had entered into an oral contract, if it was not for "a specific amount," that contract is not enforceable.  *See Phipps v. Storey,*

269 Ark. 886, 890, 601 S.W.2d 249, 252, (Ark. Ct. App. 1980) (holding "[i]n order to be enforceable a contract must be definite and certain in all of its terms and conditions in order that the court may know what the parties have agreed upon"). Thus, the Court finds Mr. Seago entered into no enforceable contract.

Consistent with the foregoing, the Court **GRANTS** Plaintiffs' Fifth Motion to Invalidate Mechanics' Liens (ECF No. 352) and finds the four mechanics' liens filed by David Romero, Jon Curry, Zechariah Edwards, and Greg Seago (numbered 2013F-19388 through 2013F-19391) are invalid.

**ENTERED this 17th day of July 2014.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE